**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SRC ENERGY INC., LYNN A. PETERSON, )<br>RAYMOND E. MCELHANEY, JACK )<br>AYDIN, DANIEL E. KELLY, PAUL )<br>KORUS, JENNIFER S. ZUCKER, and PDC )<br>ENERGY, INC., )<br>)<br>Defendants. ) | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  This action stems from a proposed transaction announced on August 26, 2019 (the "Proposed Transaction"), pursuant to which SRC Energy Inc. ("SRC" or the "Company") will be acquired by PDC Energy, Inc. ("PDC"), a Delaware corporation.

2.  On August 25, 2019, SRC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with PDC. Pursuant to the terms of the Merger Agreement, SRC's stockholders will receive 0.158 shares of PDC common stock for each share of SRC common stock they own.

3.  On September 25, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC")

in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SRC common stock.

9. Defendant SRC is a Colorado corporation and a party to the Merger Agreement. SRC's common stock is traded on the New York Stock Exchange American under the ticker symbol "SRCI."

10. Defendant Lynn A. Peterson is Chief Executive Officer, President, and Chairman of the Board of the Company.

11. Defendant Raymond E. McElhaney is Lead Director of the Company.

12. Defendant Jack Aydin is a director of the Company.

13. Defendant Daniel E. Kelly is a director of the Company.

14. Defendant Paul Korus is a director of the Company.

15. Defendant Jennifer S. Zucker is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant PDC is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of SRC (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of August 23, 2019, there were approximately 243,500,877 shares of SRC common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

25. SRC is an oil and natural gas exploration and production company.

26. The Company's core area of operations is in the Greater Wattenberg Field of the Denver-Julesburg Basin of Colorado.

27. On August 25, 2019, SRC's Board caused the Company to enter into the Merger Agreement with PDC.

28. Pursuant to the terms of the Merger Agreement, SRC's stockholders will receive 0.158 shares of PDC common stock for each share of SRC common stock they own.

29. According to the press release announcing the Proposed Transaction:

PDC Energy, Inc. ("PDC" or the "Company") (NASDAQ: PDCE) and SRC Energy, Inc. ("SRC") (NYSE: SRCI) today announced they have entered into a definitive merger agreement under which PDC will acquire SRC in an all-stock transaction valued at approximately $1.7 billion, including SRC's net debt of approximately $685 million as of June 30, 2019. Under the terms of the agreement, SRC shareholders will receive a fixed exchange ratio of 0.158 PDC shares for each

4

share of SRC common stock, representing an implied value of $3.99 per share based on the PDC closing price as of August 23, 2019. The transaction, which is expected to close in the fourth quarter of 2019, has been unanimously approved by each company's board of directors. . . .

Transaction Details

Under the terms of the agreement, SRC shareholders will receive a fixed exchange ratio of 0.158 PDC shares for each share of SRC common stock they own, representing an implied value of $3.99 per SRC share based on PDC's closing common stock price on August 23, 2019, or $1.7 billion in the aggregate including the assumption of approximately $685 million in debt. The consideration represents a premium of 6.8 percent to the 30-day average exchange ratio of 0.148x. Upon closing of the transaction, PDC shareholders will own approximately 62 percent of the combined company, and SRC shareholders will own approximately 38 percent, on a fully diluted basis. The all-stock transaction is intended to be tax-free to SRC shareholders.

Governance and Leadership

Upon closing, PDCs' board of directors will be expanded to nine directors, expected to include two members from the SRC board of directors. PDC's board of directors also plans to form a three-member group focused on integration planning and opportunities for ongoing corporate synergies and cost efficiencies. The combined company will be led by PDC's executive management team and will remain headquartered in Denver, Colorado.

Timing and Approvals

The transaction, which is expected to close in the fourth quarter of 2019, is subject to customary closing conditions and the satisfaction of certain regulatory approvals, including the approval of PDC and SRC shareholders.

Advisors

J.P. Morgan is serving as exclusive financial advisor to PDC, and Wachtell, Lipton, Rosen & Katz is serving as PDC's legal counsel. Citi and Goldman Sachs & Co. are serving as financial advisors to SRC and Akin Gump Straus Hauer & Feld LLP is serving as its legal counsel.

***The Registration Statement Omits Material Information***

30.     Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

31.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

32.     First, the Registration Statement omits material information regarding the Company's and PDC's financial projections.

33.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDA; (ii) all line items used to calculate operating cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

34.     With respect to PDC's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate Adjusted EBITDAX; (ii) all line items used to calculate operating cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35.     The Registration Statement also fails to disclose the combined company's financial projections.

36.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Citigroup Global Markets Inc. ("Citi") and Goldman Sachs & Co. LLC ("Goldman").

38.     With respect to Citi's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Citi

in the analyses.

39. With respect to Citi's Net Asset Value Analysis of SRC, the Registration Statement fails to disclose: (i) the unlevered, after-tax free cash flows that SRC was projected to generate and all underlying line items; (ii) the individual inputs and assumptions underlying the range of discount rates of 9.5% to 11.0%; and (iii) SRC's estimated post-tax corporate expenses, net hedge gains and losses, and net debt.

40. With respect to Citi's Net Asset Value Analysis of PDC, the Registration Statement fails to disclose: (i) the unlevered, after-tax free cash flows that PDC was projected to generate and all underlying line items; (ii) the individual inputs and assumptions underlying the range of discount rates of 8.3% to 9.6%; and (iii) PDC's estimated post-tax corporate expenses, net hedge gains and losses, additional payments from the sale of PDC's midstream assets, and net debt.

41. With respect to Citi's research analysts' price targets analyses, the Registration Statement fails to disclose: (i) the individual price targets observed by Citi in the analyses; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rates used by Citi in the analyses.

42. With respect to Goldman's Illustrative Discounted Cash Flow Analysis—SRC Standalone, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.50% to 9.00%; (ii) the estimates of unlevered free cash flow for SRC for July 1, 2019 through December 31, 2024 and all underlying line items; (iii) the range of illustrative terminal values for SRC; (iv) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 3.0x to 4.5x; (v) SRC's net debt; and (vi) the number of fully diluted outstanding shares of SRC common stock.

43. With respect to Goldman's Illustrative Discounted Cash Flow Analysis—PDC Standalone, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 9.0%; (ii) the estimates of unlevered free cash flow for PDC for July 1, 2019 through December 31, 2024 and all underlying line items; (iii) the range of illustrative terminal values for PDC; (iv) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 2.5x to 4.0x; (v) PDC's net debt; (vi) the value of the unconditional contingent payment to be made to PDC in connection with the sale of its midstream assets; and (vii) the number of fully diluted outstanding shares of PDC common stock.

44. With respect to Goldman's Illustrative Discounted Cash Flow Analysis—Implied Valuation Uplift, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 9.0%; (ii) the estimates of unlevered free cash flow for the pro forma combined company for July 1, 2019 through December 31, 2024 and all underlying line items; (iii) the range of illustrative terminal values for the pro forma combined company; (iv) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 2.75x to 4.25x; (v) the pro forma net debt for the combined company; (vi) the value of the unconditional contingent payment to be made to PDC in connection with the sale of its midstream assets; and (vii) the number of fully diluted outstanding shares of the pro forma combined company.

45. With respect to Goldman's Illustrative Net Asset Value Analysis—SRC, the Registration Statement fails to disclose: (i) the after-tax future cash flows that SRC could be expected to generate from its existing proved developed reserves, its development plan for proved undeveloped reserves, and development of additional undeveloped reserves and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 7.5%

to 9.0%; and (iii) the value of estimated mark to market commodity hedges, general and administrative costs, net debt, and taxes payable by SRC.

46.     With respect to Goldman's Illustrative Net Asset Value Analysis—PDC Standalone, the Registration Statement fails to disclose: (i) the after-tax future cash flows that PDC could be expected to generate from its existing proved developed reserves, its development plan for proved undeveloped reserves, and development of additional undeveloped reserves and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 9.0%; and (iii) the value of estimated mark to market commodity hedges, net operating losses, general and administrative costs, net debt, taxes payable by PDC, and contingent payments due by PDC.

47.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—SRC, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of illustrative one-year forward EV/EBITDA multiples of 3.0x to 4.5x; (ii) the individual inputs and assumptions underlying the illustrative discount rate of 8.6%; and (iii) the number of fully diluted outstanding shares of SRC common stock.

48.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—PDC Standalone, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of illustrative one-year forward EV/EBITDA multiples of 2.5x to 4.0x; (ii) the individual inputs and assumptions underlying the illustrative discount rate of 8.6%; and (iii) the number of fully diluted outstanding shares of PDC common stock.

49.      With respect to Goldman's Illustrative Present Value of Future Share Price Analysis—Implied Valuation Uplift, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of illustrative one-year forward EV/EBITDA multiples of 2.75x to

4.25x; (ii) the individual inputs and assumptions underlying the illustrative discount rate of 8.6%; and (iii) the number of fully diluted outstanding shares for the pro forma combined company.

50. With respect to Goldman's Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the sources thereof.

51. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52. Third, the Registration Statement omits material information regarding potential conflicts of interest of Citi and Goldman.

53. The Registration Statement fails to disclose the circumstances under which "Citi may receive an additional fee of up to $3.5 million," and whether the Individual Defendants intend to pay Citi this additional fee.

54. Similarly, the Registration Statement fails to disclose the circumstances under which "Goldman Sachs may receive an additional fee of up to $3.5 million," and whether the Individual Defendants intend to pay Goldman this additional fee.

55. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

56. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the SRC Board of Directors and SRC's Reasons for the Merger; (iii) Opinions of Citi and Goldman Sachs, SRC's Financial Advisors; and (iv) Certain Unaudited Forecasted Financial Information.

57. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SRC**

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SRC is liable as the issuer of these statements.

60. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

61. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

62. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

63. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

64. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

65. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and PDC

66. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67. The Individual Defendants and PDC acted as controlling persons of SRC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of SRC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68. Each of the Individual Defendants and PDC was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

thus directly involved in the making of the Registration Statement.

70. PDC also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

71. By virtue of the foregoing, the Individual Defendants and PDC violated Section 20(a) of the 1934 Act.

72. As set forth above, the Individual Defendants and PDC had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 8, 2019       **RIGRODSKY & LONG, P.A.**

              By: */s/ Gina M. Serra*
                Seth D. Rigrodsky (#3147)
                Brian D. Long (#4347)
                Gina M. Serra (#5387)
**OF COUNSEL:**         300 Delaware Avenue, Suite 1220
                Wilmington, DE 19801
**RM LAW, P.C.**         Telephone: (302) 295-5310
Richard A. Maniskas       Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300   Email: sdr@rl-legal.com
Berwyn, PA 19312       Email: bdl@rl-legal.com
Telephone: (484) 324-6800     Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com      *Attorneys for Plaintiff*